NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0274n.06
Filed: April 12, 2005

No. 04-3130

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| RONALD L. GIST, Administrator of the Estate of Ryan M. Gist, Deceased, | ) ) ) | |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO |
| GENERAL MOTORS CORPORATION, | ) ) | |
| Defendant-Appellee. | ) | |

Before: BATCHELDER and DAUGHTREY, Circuit Judges, and O'KELLEY,[*] District Judge.

**PER CURIAM.** The plaintiff, Ronald Gist, appeals the district court's order granting summary judgment to the defendant, General Motors Corporation, in this diversity action filed by Gist after his son Ryan's tragic death, which was caused by a fire that began in a car manufactured by General Motors. Gist originally raised several claims regarding his son's wrongful death, but he ultimately pursued only the claim based on strict liability under OHIO REVISED CODE ANNOTATED § 2307.75, alleging that a design defect in the engine of the 1986 Fiero caused the fire that occurred in November 1996.

---

[*]The Hon. William C. O'Kelley, United States District Judge for the Northern District of Georgia, sitting by designation.

The district court noted that under Ohio law, the plaintiff in a product liability case must allege and prove by a preponderance of the evidence that "(1) there was, in fact, a defect in the product manufactured and sold by the defendant; (2) such defect existed at the time the product left the hands of the defendants; and (3) the defect was the direct and proximate cause of the plaintiff's injuries or loss." *State Farm Fire & Casualty Co. v. Chrysler Corp.*, 523 N.E.2d 489, 493 (Ohio1988). The district court ultimately held that the plaintiff "failed to produce evidence that w[ould] permit a jury to go beyond speculation that a defect did exist at the time the Fiero [driven by the plaintiff's son] left GM's control" and, having found the lack of a prima facie case on the first two prongs of the test, declined to make a finding on the third and last prong, causation.

On appeal, the plaintiff challenges the district court's determination, citing evidence that there was a national recall campaign in 1992 to correct a problem involving the proximity of the Fiero's engine, located in the rear of the vehicle, to the exhaust manifold. This design apparently caused overheating and created a propensity for non-collision engine fires. The parties concede that the Gist Fiero was subject to the 1992 GM recall, a fact that would support an inference that a design defect existed when the product left the control of the manufacturer and continued to exist absent a substantial change in the condition in which the product was sold. *See id.* at 495. Here, there was proof of a substantial change in condition because records provided by GM indicated that the Gist vehicle had been serviced as part of the recall campaign, apparently before the car was sold to Ryan Gist.

The plaintiff nevertheless insists that testimony from his expert established that any corrective action taken as a consequence of the recall was insufficient to cure the defect and that the Fiero retained a propensity to catch fire from overheating in the engine. But, assuming *arguendo* that there remained a problem with the Fiero's design, the record before us is devoid of evidence that the fire that led to Ryan Gist's death was caused by the alleged defect. Without restating the evidentiary findings of the district court, we note that it was no more likely that a defect caused the fire than that it was caused by Ryan Gist's misuse of the vehicle at the time of the fire. Even the plaintiff's expert thought it "possible" that misuse led to the fire, and he ultimately testified that he could not say with a reasonable degree of certainty that a defect caused the fire. Although the district court did not make a ruling on the issue of causation, our review of the record convinces us that there was insufficient evidence of causation to establish a prima facie case of strict liability in this case.

The district court also held that because the plaintiff had failed to comply with subsection (F) of § 2307.75, his claim of strict liability based on defective design failed as a matter of law. That subsection requires proof that "at the time the product left the control of its manufacturer, a practical and technically feasible alternative design or formulation was not available that would have prevented the harm for which the claimant seeks to recover compensatory damages without substantially impairing the usefulness or intended purpose of the product . . . ." The district court took note of the plaintiff's argument that the Ohio Supreme Court has not yet interpreted the statute to determine who has the burden

to establish the unavailability of a feasible alternative design, but the court also noted that the Sixth Circuit has held that the burden is on the plaintiff. *See Jacobs v. E.I. duPont deNemours & Co.*, 67 F.3d 1219, 1242 (6th Cir. 1995). Even more significant, in our judgment, is the fact that the applicable Ohio civil jury instructions also place the burden on the plaintiff to prove the existence of a feasible alternative design under § 2307.75. *See* Ohio Jury Instructions – Civil 351.09. In a comment to that instruction, the Jury Instructions Committee noted the statute's lack of an explicit allocation and opted to allocate the burden in conformity with the *Restatement (Second) of Torts*. We conclude that the district court's ruling on this basis for granting summary judgment to the defendant was not in error.

For these reasons, we AFFIRM the judgment of the district court.